**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**UNITED STATES OF AMERICA**,

v.

**MISAEL ROSARIO PACHECO, SR.**,　　　　Case No. 7:15-CR-21

　　　Defendant.

**ORDER**

Sentencing was held in Defendant's case on October 12, 2016.  Prior to sentencing, Defendant, through his attorney Joshua C. Bell, filed objections to the Presentence Investigation Report ("PSR") prepared by the United States Probation Office.  (Docs. 47, 48).  The Government responded to Defendant's objections.  (Doc. 50).  In response to the objections, the Probation Office filed a Revised Final Presentence Investigation Report (Doc. 51) and an Addendum to the Presentence Report (Doc. 51-1).  At the sentencing hearing, Mr. Bell reiterated his objections.  The Court overruled Mr. Bell's objections and sentenced Defendant to 300 months imprisonment, followed by five years of supervised release.  This Order memorializes the Court's rulings on Mr. Bell's objections relating to the classification of Defendant as an armed career criminal and provides the reasoning on which the Court relied.

**I.     DISCUSSION**

Defendant objects to several paragraphs in the PSR on the grounds that four of his prior convictions are wrongly classified as "violent felonies" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), resulting in his classification as an Armed Career Criminal.  Defendant argues that none of his prior convictions are violent felonies within the meaning of ACCA, and thus, he should not be considered an Armed Career Criminal for purposes of sentencing.

ACCA provides for a mandatory minimum sentence of fifteen (15) years of imprisonment for a defendant convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g), where the defendant's felony record includes three prior convictions for a "violent felony" or a "serious drug offense."[1]  18 U.S.C. § 922(e)(1).  A "violent felony" is any crime punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (the "elements" clause); or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another (the "enumerated offenses" clause).  18 U.S.C. § 924(e)(2)(B).

To determine whether a prior conviction qualifies as a violent felony under the enumerated offenses clause, the Court has two approaches available to it:

---

[1] Neither party disputes that Defendant's prior convictions are not "serious drug offense[s]."  Thus, the standard for what constitutes a "serious drug offense" is not discussed herein.

the "categorical approach" and the "modified categorical approach."  Under the categorical approach, the court looks solely at whether the elements of the crime of conviction sufficiently match the elements of the generic crime ("*i.e.*, the offense as commonly understood").  Mathis v. United States, 136 S. Ct. 2243, 2247 (2016).  If the prior crime's elements are the same as, or narrower than, those of the generic offense, the prior crime qualifies as an ACCA predicate offense.  Id.  For example, "[a] crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense [of burglary].  But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries."  Id. at 2248.  "If the statute is generic—if it requires that all of the elements of the generic ACCA crime be present before it is violated—all convictions under the statute necessarily count as ACCA predicates and there is no need for further analysis."  United States v. Howard, 742 F.3d 1334, 1345 (11th Cir. 2014).  "The modified categorical approach does not come into the picture when a statute criminalizes only categorically generic crimes; it is not needed."  Id.

When a statute "sets out one or more elements of the offense in the alternative," courts use the modified categorical approach to compare elements.  Howard, 742 F.3d at 1338.  Under the modified categorical approach, the sentencing court looks to "a limited class of documents (for example, the

3

indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249.  The court can also look to authoritative state law to determine the elements necessary for a violation of a particular state statute. Id. at 2256. "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." Id. at 2249.

### A. Defendant's Two Prior Convictions for Home Invasion—1st Degree Under MCL 750.110a(2)

Defendant pled guilty to Home Invasion—1st Degree in violation of MCL 750.110a(2) on December 16, 1999[2] and again on February 6, 2001[3]. At the time Defendant committed and was arrested for both of these offenses,[4] MCL 750.110a(2) read:

> A person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.

---

[2] Case No. 98-013859-01-FC in the Third Judicial Circuit of Wayne County, Michigan.  This conviction is identified in Paragraph 35 of the PSR.

[3] Case No. 99-012437-01-FC in the Third Judicial Circuit of Wayne County, Michigan.  This conviction is identified in Paragraph 37 of the Draft PSR.

[4] Defendant's first arrest for Home Invasion-1st Degree occurred on November 25, 1998—the same day on which the crime was committed.  Defendant's second arrest for Home Invasion-1st Degree occurred on September 15, 1999 and involved an offense that occurred on September 11, 1999.

4

(b) Another person is lawfully present in the dwelling.

MCL 750.110a(2) (amended Oct. 1, 1999). Effective October 1, 1999, the statute was rewritten to its current form, which includes, as an alternative to entering with intent to commit a crime, "at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault." MCL 750.110a(2).

Defendant's first conviction for home invasion was under the prior version of the statute. See <u>The People of the State of Michigan vs. MISAEL ROSARIO PACHECO</u> 82-98827704-01, "Amended Information Felony," (Date of Offense 11/25/1998). This statute prohibits alternative types of conduct, set forth as alternative elements, and would generally be analyzed using the modified categorical approach. However, any alternative interpretation of the statute is encompassed by the generic offense of burglary, one of ACCA's enumerated offenses. Generic burglary contains, at minimum, the following elements: (1) unlawful entry (2) of a building or other structure (3) with the intent to commit a crime. <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990). The pre-amendment version of Michigan's Home Invasion-1st Degree requires that a person (1) breaks and enters or enters without permission; (2) a dwelling; (3) with intent to commit a felony or a larceny. The elements of Michigan's pre-amended Home Invasion-1st Degree statute sufficiently match the elements of generic burglary,

and as a result, the prior version of Michigan's Home Invasion-1st Degree statute is categorically generic.

Further, even if the Court were to analyze this conviction using the modified categorical approach, it is clear that Defendant pled guilty to, at minimum, generic burglary. Specifically, Defendant pled guilty to the following:

> COUNT 2 DEFENDANT(S) 01 HOME INVASION – 1ST DEGREE
> Did break and enter a dwelling located at 2033 CLARK, *with the intent to commit a larceny therein*, while being armed with HANDGUN, a dangerous weapon; contrary to MCL 750.110a(2).

<u>The People of the State of Michigan vs. MISAEL ROSARIO PACHECO</u> 82-98827704-01, "Amended Information Felony," (Date of Offense 11/25/1998) (emphasis added). This offense encompasses *at least* (1) an unlawful entry (2) of a dwelling (3) with the intent to commit a larceny. Because Defendant's first conviction for Home Invasion-1st Degree constitutes generic burglary under either the categorical or modified categorical approach, it is properly considered a "violent felony" under the enumerated offenses clause.

It is not clear to the Court whether Defendant was charged with his second Home Invasion-1st Degree offense under the prior version of the statute or the amended version. The Court is inclined to conclude that Defendant was charged under the prior version of the statute, because the crime was committed and Defendant was arrested prior to the amendment of the statute. As previously stated, the prior version of the statute was categorically generic burglary. Thus, if

Mr. Pacheco pled guilty to the prior version of the statute, his second conviction for Home Invasion-1st Degree is properly considered a violent felony pursuant to the enumerated offenses clause.

Alternatively, if Defendant was charged under the amended version of the statute, the Sixth Circuit Court of Appeals has held that Michigan's current version of the Home Invasion-1st Degree statute "includes all of the elements of burglary of a dwelling," and "qualifies as a crime of violence within the meaning of U.S.S.G. § 2L1.2." United States v. Garcia-Serrano, 107 F. App'x 495, 496 (6th Cir. 2004).[5]  Thus, under either the prior version of the statute or the statute as amended, Defendant's conviction for Home Invasion-1st Degree constitutes generic burglary and qualifies as a violent felony under ACCA.

### B. Defendant's Prior Conviction for Assault with Intent to Commit Great Bodily Harm Less Than Murder Under MCL 750.84

Defendant pled guilty to Assault with Intent to Commit Great Bodily Harm Less Than Murder in violation of MCL 750.84 on October 19, 2012, in case number 12–008545-01-FH.  Because assault is not one of ACCA's enumerated offenses, this conviction can only qualify as a violent felony if it has as an

---

[5] Although Garcia-Serrano concerns the Sentencing Guidelines' definition of "crime of violence," the Guidelines' "crime of violence" definition is "essentially the same" as ACCA's definition of "violent felony." United States v. Gibbs, 626 F.3d 344, 352 n.6 (6th Cir. 2010) ("We determine a 'crime of violence' under the Guidelines in the same way as a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because both share essentially the same definitions.").

element the use, attempted use, or threatened use of physical force against the person of another, pursuant to the elements clause. The statute to which Defendant pled guilty[6] reads:

> ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER--Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars.

MCL 750.84. The Michigan Court of Appeals enumerated the elements of this offense as follows: "(1) an attempt or threat *with force or violence* to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." People v. Brown, 703 N.E.2d 230, 236 (Mich. Ct. App. 2005) (emphasis added).

Because this statute does not provide alternative routes for committing the offense, the Court must utilize the categorical approach to determine whether the statute has as an element the use, attempted use, or threatened use of physical force against another. "Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis in original). MCL 750.84 has as an element the attempted use or threatened use of "force or violence to do corporal harm to another." Brown, 703 N.E.2d at 236. The Court finds that MCL 750.84

---

[6] MCL 750.84 was amended, effective April 1, 2013. Defendant pled guilty under the previous version of the statute on October 12, 2012. The statute that was in effect at the time of his conviction is used for this analysis.

8

has as an element the use, attempted use, or threatened use of physical force against another. Accordingly, Defendant's conviction for Assault With Intent to Do Great Bodily Harm Less Than Murder qualifies as a violent felony under the elements clause of ACCA.

### C. Defendant's Prior Conviction for Assault with Intent to Rob and Steal Being Armed Under MCL 750.89

Defendant pled guilty to Assault with Intent to Rob and Steal Being Armed, in violation of MCL 750.89, on December 16, 1999.[7] The incident which gave rise to this conviction also gave rise to Defendant's first conviction for Home Invasion-1st Degree. Because these two convictions arise from the same incident, the Court may count as a qualifying predicate violent felony either of the convictions, but not both. 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g)(1) of this title and has three previous convictions by any court . . . for a violent felony . . . committed on occasions different from one another."). The Court previously concluded that Defendant's 1999 conviction for Home Invasion-1st Degree is a qualifying predicate felony. Accordingly, the Court declines to consider whether Defendant's conviction for Assault with Intent to Rob and Steal Being Armed is a violent felony under ACCA.

---

[7] Case No. 98-013859-01-FC in the Third Judicial Circuit of Wayne County, Michigan.

## II. CONCLUSION

Defendant's felony record includes three prior convictions for "violent felon[ies]," resulting in his classification as an armed career criminal under ACCA. As a result, Defendant was properly subject to a mandatory minimum sentence of fifteen years.

**SO ORDERED**, this the 20th day of October, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les